(No. 4751—)

EDWARD WISCH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1958.*

PIACENTI AND CIFELLI, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

Tolson, C. J.

Edward Wisch, a former inmate of the Illinois State Penitentiary, Pontiac Branch, filed a complaint seeking damages in the amount of $7,500.00 for injuries sustained while working in said institution.

The complaint alleges, in substance, that claimant was ordered to operate a shaper, without proper instruction, that the machine was a dangerous instrument, and, as a result, he caught his right hand in the machine, and lost three fingers at the proximal phalanx.

The facts of the case are as follows:

Edward Wisch, age 19, was committed to the Pontiac Penitentiary in August of 1953. He was assigned to the wood shop, and was engaged in repairing and refinishing chairs and other prison furniture.

On February 24, 1954, a quantity of chairs arrived from the Dwight Reformatory, and the men assigned to the wood shop were repairing and replacing parts of the chairs under the direction of Joseph Bolander, the guard in charge of the shop.

Claimant was cutting pieces of oak with a wooden mall and chisel. It would appear from the testimony that the pieces would split by this process, so he went to the wood shaper in order to do the job mechanically.

At this point, the testimony is sharply in conflict. Wisch stated that Mr. Bolander ordered him to use the machine, and at that time he demurred, and claimed that he told the guard that he knew nothing about the machine. He further testified that Mr. Bolander insisted that he use the machine, as he had been wasting too much material doing it by hand.

Mr. Bolander testified that three men, Shoba, Lincoln and Olsen, were assigned to operate the machine,

and that the other members of the shop, about 17 in number, were not permitted to operate the machine, because of the danger involved. He further stated that the accident happened after the men returned from lunch at about 12:30 P.M. At that time he was checking the cards of the men assigned to the wood shop, and did not see the occurrence. He stated that he had not instructed Wisch in the use of the machine, and denies that he ordered him to use the machine, under penalty of refusal.

Exhibits Nos. 1 and 2, admitted into evidence, show the machine was equipped with long wooden guards, which also acted as guides to cut *straight* pieces of wood.

Wisch was cutting a *curved piece of hard wood*, which necessitated that the guard be pushed back about a foot. Who altered the position of the guard must remain unanswered, as the record is silent in this regard. In any event, claimant used the machine in this position, and suffered serious injury. Mr. Bolander was interrogated by Commissioner Presbrey on this point, and Mr. Bolander stated that the shaper was only used on straight pieces of wood, as they had another machine for cutting curved surfaces.

Since the Court of Claims Act was amended in 1945, tort actions may be brought against the state in matters involving negligence of its officers and employees.

The following cases have been cited by counsel in support of claimant's position:

1. *Moore* vs. *State of Illinois*—21 C.C.R. 282
 Claimant, a prisoner, operated a food grinder, not equipped with a safety hopper. Claim allowed.
2. *Hroma* vs. *State of Illinois*—21 C.C.R. 291
 Claimant, a prisoner, was assisting in slaughtering a cow. He was inexperienced, and was injured. Claim allowed.

3. *Allen* vs. *State of Illinois*—21 C.C.R. 450
 Claimant, a prisoner, was loading broken concrete in a truck. A piece fell off, and injured his foot. No showing of negligence. Claim denied.

4. *Paulson* vs. *State of Illinois*, No. 4649 (not reported)
 Claimant, a prisoner, was operating a circular saw, and lost fingers. Evidence in conflict. Claim denied for failure to establish burden of proof.

The Paulson case is similar in many respects to the case at bar, and will be set out in more detail.

Paulson alleged that he was ordered, *over his protest,* to assist in the operation of a motor driven saw. He stated that he had never been *instructed* in its use, and that it was not equipped with a *safety hood,* as they were cutting a *curve* in a piece of plywood for a boat. *Two witnesses,* the guard and claimant, were the only persons testifying in the case.

In the instant case, many of the same circumstances are present: Wisch contends that he was ordered, over his protest, to operate a wood working machine. He claims that he was not instructed in its use, that he was cutting a curved piece of wood, and that it could not be done with the guard in place. His fingers were cut off as a result. Again we are confronted with the testimony of two witnesses, who tell accounts of the accident, diametrically opposed to each other.

In searching the record for any evidence that we may find, which would tend to support such claim, we must not overlook the fact that a prisoner is in an unfortunate bargaining position. He must do as he is told, or suffer discipline for his refusal.

To counter this, Mr. Bolander stated that he had been in charge of the wood shop for four years, that he knew of the dangers of the equipment and for that reason had assigned the three men, whose names he

had submitted in the record, to be responsible for the use of the machines. He also said they had another machine, which was used for cutting curved surfaces.

In the face of conflicting testimony, this Court must infer reasonable conclusions from the evidence, and, taking it as a whole, it would, seem unlikely that Mr. Bolander would order, or knowingly permit an inexperienced man to push the guard on a wood shaper to one side, and thereafter cut a curved piece of oak.

In the Paulson case (supra), the Court held that claimant had the burden of proof of establishing his case by a preponderance of the evidence. The Court found that claimant had failed in this regard.

In this case, we have the identical problem. Claimant has failed to meet the burden of proof, and under Illinois law cannot prevail.

It is, therefore, ordered that the claim be denied.